**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Derryl Moore,** ) | **CASE NO. 1:09 CR 247** |
| ) | |
| **Petitioner,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **Vs.** ) | |
| ) | |
| **United States of America,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Respondent.** ) | |

### INTRODUCTION

This matter is before the Court upon Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 39). For the reasons that follow, the motion is DENIED.

### FACTS

Petitioner was indicted on one count of bank robbery. Thereafter, on October 7, 2009, petitioner entered a plea of guilty to the indictment. Although no plea agreement existed, petitioner received a three-level reduction for acceptance of responsibility. Due to petitioner's extensive criminal background, the presentence investigation report suggested that petitioner

1

qualified as a career offender. The report further indicated that if petitioner was not sentenced as a career offender, a two-level enhancement would apply as petitioner made a threat of death during the bank robbery. Petitioner did not file objections to this report. Petitioner did, however, file a sentencing memorandum arguing that the Court should not consider him to be a career offender. Petitioner further objected to the two-level enhancement.

On January 21, 2010, this Court sentenced petitioner as a career offender and imposed a prison term of 151 months, which was the low end of the sentencing range. Petitioner appealed his sentence to the Sixth Circuit and the Sixth Circuit affirmed this Court's sentence.

Thereafter, petitioner filed the instant §2255 motion on the grounds of ineffective assistance of counsel. The government opposes the motion.

**ANALYSIS**

Petitioner argues that his counsel was ineffective because he informed petitioner that the government would request that the Court not impose career offender status at sentencing. Ultimately, the government made no such recommendation. According to petitioner, he would not have plead guilty absent this promise.

A petitioner challenging the effectiveness of trial counsel must first show that counsel was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment, and further that counsel's deficient performance so prejudiced the defense as to render the trial unfair and the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Sixth Circuit has held that counsel's performance is not deficient when plea agreement advice is "based upon a reasonable decision to offer a guilty plea in exchange for a

lighter sentence." *Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996). As a general rule, the Court must avoid the use of hindsight and presumes that "the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

In order to succeed in establishing ineffective assistance of counsel, petitioner must demonstrate that "(1) his attorney's performance was outside the range of competence demanded of attorneys in the criminal context, and (2) the professionally unreasonable performance prejudiced him." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998).

Upon review, the Court rejects petitioner's argument. The Court conducted the following plea colloquy:

> THE COURT: Has anyone made any promises to you or threatened you to convince you to plead?
>
> THE DEFENDANT: No. No, Your Honor.

(Transcript of Change of Plea Hearing, at p.11).

Petitioner cannot now rely on a promise allegedly made by the government and relayed to petitioner's counsel in support of his ineffective assistance claim. Petitioner himself acknowledged in open court that no such promise was made. Moreover, as the government points out, even if the government had made such a request, the Court is not bound by the request at sentencing. At sentencing, petitioner's attorney challenged the imposition of career offender status and this Court rejected the challenge. Moreover, according to the government, petitioner received a significant bargain by entering a plea of guilty. The three-level reduction for acceptance of responsibility imposed by this Court reduced petitioner's jail time by nearly six years. Based on the plea colloquy, counsel's efforts at sentencing, and the benefit petitioner

3

received by entering a guilty plea, the Court finds that petitioner falls far short of establishing ineffective assistance of counsel.

### **CERTIFICATE OF APPEALABILITY**

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, the Court does not find that defendant has made a substantial showing of the denial of a constitutional right. Accordingly, defendant is not entitled to a certificate of appealability.

### **CONCLUSION**

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set

4

Aside, or Correct Sentence by a Person in Federal Custody is DENIED.

    IT IS SO ORDERED.

                      /s/ Patricia A. Gaughan
                      PATRICIA A. GAUGHAN
                      United States District Judge

Dated: 5/18/12